# EXHIBIT A

**(Proposed Form of Assigned Contract Notice)**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(Eastern Division)

| | |
|---|---|
| In re:<br><br>GPX INTERNATIONAL TIRE CORPORATION,<br><br>Debtor. | Chapter 11<br><br>Case No. 09- |

[PROPOSED FORM OF]
NOTICE OF (1) CURE AMOUNTS; AND (2) PROCEDURES
RELATING TO THE RESOLUTION OF CURE AMOUNT DISPUTES

 **PLEASE TAKE NOTICE THAT**, on October 26, 2009 (the "Petition Date"), GPX International Tire Corporation (the "Debtor"), filed a voluntary petition for relief under Chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Massachusetts (Eastern Division) (the "Bankruptcy Court");

 **PLEASE TAKE FURTHER NOTICE THAT**, on the Petition Date, the Debtor filed (a) the *Motion by Debtor And Debtor in Possession For Order (A) Authorizing The Sale of Solid Tire Assets by Public Auction, Free And Clear of Liens, Claims And Interests, (B) Authorizing The Debtor to Assume And Assign or Reject Certain Executory Contracts And Unexpired Leases, And (C) Related Relief* (the "Public Auction Motion"), seeking approval of the sale, by public auction with reserve (the "Public Auction"), of certain of the Debtor's assets (collectively the "Solid Tire Assets") related to its solid and semi-solid off-the-road tire products business;[1]

 **PLEASE TAKE FURTHER NOTICE THAT**, on the Petition Date, the Debtor also filed (a) the *Motion by Debtor for Approval of Bidding Procedures Motion by Debtor And Debtor in Possession For Order (A) Authorizing The Sale of Solid Tire Assets by Public Auction, Free And Clear of Liens, Claims And Interests, (B) Authorizing The Debtor to Assume And Assign or Reject Certain Executory Contracts And Unexpired Leases, And (C) Related Relief* (the "Bid Procedures Motion");

 **PLEASE TAKE FURTHER NOTICE THAT** the Debtor proposes to pay the cure amounts (if any) set forth on the attached Exhibit A (the "Cure Amounts") in connection with the assumption and assignment of the executory contracts and/or unexpired leases that are assumed and assigned pursuant to the sale (collectively the "Assigned Contracts").

---

[1] Capitalized terms not otherwise defined in this notice have the meanings given to them in the Public Auction Motion.

      **PLEASE TAKE FURTHER NOTICE**, that by Order dated October ___, 2009, the Court approved the following procedures for resolving any objections to the assumption assignment and resolution of any objections to the Cure Amounts in connection with the Assigned Contracts:

    a.    Any interested party seeking to object to the assumption and assignment to any bidder, or to the validity of their respective Cure Amount, if any, as set forth in this Notice, or to otherwise assert that any amounts, defaults, conditions, or pecuniary losses as of the Petition Date (including accrued but not yet due obligations) must be cured or satisfied under any of the Assigned Contracts in order for such contract or lease to be assumed and/or assigned (collectively, a "Cure Obligation"), must file an objection (a "Assumption/Assignment Objection") with the Clerk of the Court at the following address: United States Bankruptcy Court for the District of Massachusetts, John W. McCormack Post Office and Court House, 5 Post Office Square, Boston, Massachusetts, 02109-3949, so as to be received by the Court not later than _____, **2009 at _____ p.m.** (the "Assumption/Assignment Objection Deadline"). An Assumption/Assignment Objection must also be served on the following parties-in-interest so as to be received on or before the Assumption/Assignment Objection Deadline: (a) counsel for the Debtor, Harold B. Murphy, Esq., Hanify & King, Professional Corporation; (b) counsel for the Debtor's prepetition lenders, Mark Broude, Esq., Latham & Watkins, LLP, 885 Third Avenue, New York, New York, 10022-4834; (c) the Office of the United States Trustee, John W. McCormack Post Office and Court House, 5 Post Office Square, Boston, Massachusetts, 02109-3949; and (d) counsel for Alliance, Brian M. Resnick, Esq., Davis, Polk & Wardell, LLP, 450 Lexington Avenue, New York, New York, 10017; and Richard Mikels, Esq., Mintz, Levin, Cohn, Ferris, Glovsky and Popeo P.C., One Financial Center, Boston, Massachusetts, 02111.

    b.    An Assumption/Assignment Objection must set forth with specificity any and all Cure Obligations or conditions which such party asserts must be cured or satisfied with respect to such Assigned Contract; *provided, however*, that any party to an Assigned Contract shall retain the right to prosecute an objection solely with respect to adequate assurance of future performance until the Public Auction only if such objection was raised in an Assumption/Assignment Objection on or prior to the Assumption/Assignment Objection Deadline. An Assumption/Assignment Objection must set forth the cure amount that the objector asserts is due, the specific types and dates of the alleged defaults, pecuniary losses and conditions to assignment, and the support therefore and all other objections to assumption and assignment.

    c.    Unless an Assumption/Assignment Objection is filed and served by the Assumption/Assignment Objection Deadline, all interested parties who have received this Notice shall be deemed to have waived and released

    any right to assert a Cure Obligation and to have otherwise consented to the assignment and shall be forever barred and estopped from asserting or claiming against the Debtor, the buyers of the assets, or any other assignee of the relevant assigned contract that any additional amounts are due or defaults exist, or conditions to assignment must be satisfied, under such Assigned Contract for the period prior to the Petition Date.

    d.    Hearings with respect to any Assumption/Assignment Objections may be held (i) at the Public Auction, or (ii) at such other date as the Court may designate; *provided* that (1) if the subject Assigned Contract is assumed and assigned prior to resolution of any Assumption/Assignment Objection, the cure amount asserted by the objecting party (or such lower amount as may be fixed by the Court) shall be deposited by the buyer to be held in a segregated account maintained by the Debtor or such other person as the Court may direct pending further order of the Court or mutual agreement of the parties, and (2) hearings with respect to Assumption/Assignment Objection must be held prior the closing of the sale of the Assets unless otherwise agreed to by the purchaser of the Assets.

NOTICE TO ALL PARTIES SERVED:

**Your rights may be affected.** You should read this Notice carefully and discuss it with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

Any request for a continuance **MUST** be made by **WRITTEN MOTION**. *See* MLBR 5071-1.

                          GPX INTERNATIONAL TIRE CORPORATION,

                          By its proposed attorneys,

                          /s/ _____
                          Harold B. Murphy (BBO #326610)
                          D. Ethan Jeffery (BBO #631941)
                          Natalie B. Sawyer (BBO #660072)
                          HANIFY & KING, Professional Corporation
                          One Beacon Street, 21st Floor
                          Boston, MA  02108
                          Tel:   (617) 423-0400
                          Fax:  (617) 556-8985

Dated: October __, 2009          Email: dej@hanify.com

544370

## **CURE AMOUNTS**

*[TO BE SUPPLIED UPON APPROVAL OF FORM OF NOTICE]*