UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
In re                                                :
:      Chapter 11
GPX INTERNATIONAL TIRE                               :
CORPORATION,                                         :      Case No. 09-20170-JNF
:
Debtor                                       :
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**MOTION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO AMEND ORDER MODIFYING ORDER ESTABLISHING BID PROCEDURES FOR THE SALES OF THE DEBTOR'S ASSETS**

The Official Committee of Unsecured Creditors of GPX International Tire Corporation (the "Committee") hereby files this Motion to Amend the *Order Modifying Order Establishing Bid Procedures for the Sales of the Debtor's Assets* (the "Bidding Procedures Order") [Docket #215] dated November 13, 2009.[1] The Committee seeks to amend the Bidding Procedures Order to (i) reduce the Expense Reimbursement[2] payable to MITL Acquisition Company, LLC ("MITL") upon the Debtor's breach of the Solid Tire APA from $350,000 to $250,000 of MITL's reasonable and actual out-of-pocket expenses; and (ii) eliminate the break-up Fee payable to MITL if the Debtor consummates a Competing Transaction within twelve (12) months after termination of the Solid Tire APA. Further, the Committee seeks to amend Paragraph 3(o) of the Bidding Procedures Order to provide that no credit will be given to the Expense Reimbursement during any auction for the Debtor's Solid Tire Assets. MITL is an

---

[1] The Committee has fashioned this Motion as one seeking to amend the Bidding Procedures Order, which is the same procedural posture by which the Debtor sought and obtained entry of the Bidding Procedures Order. See Docket #203. To the extent the Court believes that the relief sought herein is more appropriately a motion for reconsideration of the Bidding Procedures Order, the Committee respectfully requests that the Court deem this Motion to be such.

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Bidding Procedures Order.

BOS-1352658 v1

insider of the Debtor inasmuch as certain of the investors in MITL are insiders of the Debtor.[3] MITL was formed in part, by Bryan, Neil, and David Ganz, each of whom is an insider of the Debtor.[4] Given the relationship between these individuals and the Debtor, the Committee believes it is inappropriate for MITL to be paid the break-up Fee under any circumstances and further to receive an Expense Reimbursement greater than $250,000. In further support of this Motion, the Committee respectfully states as follows:

## Jurisdiction and Venue

1.    This Court has jurisdiction to consider and determine the Motion pursuant to 28 U.S.C. § 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Procedural Background

2.    On October 26, 2009, the Debtor filed a motion for authority to sell the Solid Tire Assets by public auction so that such assets would be available for purchase in conjunction with the Debtor's sale of its off-highway and truck tire business which is being sold in two separate, but interrelated transactions (the "Public Auction Motion") [Docket #10].

3.    On November 2, 2009, the Court entered an order approving bid procedures related to the public auction of the Solid Tire Assets (the "Original Bidding Procedures Order") [Docket #133]. The Original Bid Procedures Order scheduled the public auction of the Solid Tire Assets for December 7, 2009 with counteroffers due on December 2, 2009. Although the

---

[3] See Paragraphs 14 and 15 of *Debtor's Motion (A) to Authorize Debtor to Effectuate Purchase and Sale Agreement with MITL Acquisition Company, LLC; (B) to Authorize Sale of Solid Tire Assets By Private Sale Free and Clear of Liens, Claims, and Interests; (C) to Authorize the Assumption and Assignment of Executory Contracts; (D) to Authorize the Rejection of Executory Contracts; and (E) for Related Relief* (the "Private Sale Motion") [Docket #202] filed on November 12, 2009.

[4] Bryan Ganz is an officer, director, shareholder, and creditor of the Debtor. Neil Ganz is a shareholder, creditor, and employee of the Debtor. David Ganz is a creditor and employee of the Debtor. Bryan, Neil, and David Ganz are all related. See Paragraph 15 of Private Sale Motion.

Debtor reserved the right in the Public Auction Motion and the Original Bidding Procedures Order to enter into an agreement for the private sale of the Solid Tire Assets prior to the public auction, there was no discussion of the Debtor granting "stalking horse" protections in connection therewith.

4. On November 12, 2009, the Debtor entered into the Solid Tire APA with MITL and filed the Private Sale Motion. On the same date, the Debtor filed its Motion to Amend the Original Bidding Procedures Order, in which it sought approval of the Expense Reimbursement and break-up Fee to MITL [Docket #203].[5]

5. On November 13, 2009, the Court granted the Motion to Amend and entered the Bidding Procedures Order approving the payment of the Expense Reimbursement or Fee to MITL.

**Relief Requested**

6. By this Motion, the Committee seeks to amend the Bidding Procedures Order to (i) reduce the Expense Reimbursement payable to MITL in the event that MITL terminates the Solid Tire APA based on the Debtor's breach thereof to up to $250,000 of MITL's reasonable and actual out-of-pocket expenses; and (ii) eliminate *entirely* the break-up Fee payable to MITL upon consummation of a Competing Transaction within twelve (12) months of termination of the Solid Tire APA. Further, at any auction for the Solid Tire Assets, no credit should be given to the Expense Reimbursement in evaluating Competing Bids after a Solid Tire Overbid is made.

7. The Ganz family members are insiders of the Debtor and are also investors in MITL. Under such circumstances, the payment of a break-up Fee is inappropriate where the stalking horse bidder is intimately familiar with the Debtor's business and as such, did not need

---

[5] See Paragraphs 21-25 of Motion to Amend, which describes that under the Solid Tire APA, MITL is entitled to either a $350,000 Expense Reimbursement or a $350,000 Fee, but not both.

to conduct the same degree of due diligence, contract negotiation, and other work necessary to submit a bid for the Solid Tire Assets that an unrelated third-party would have done.  Further, the public auction of the Solid Tire Assets was already scheduled and therefore MITL did not shorten the time or cost required for prospective bidders to submit a Competing Bid.  For these reasons, the Committee objects to payment of the break-up Fee to MITL.  The Committee does not object to the payment of the Expense Reimbursement under the circumstances described in the Motion to Amend provided, however it is capped at a maximum of $250,000.

8. To incorporate these requested changes into the Bidding Procedures Order, the Committee submits that the following modifications would be necessary:

    (a)    Paragraph 7 of the Bidding Procedures Order would be replaced in its entirety with the following:

> *The Provisions of the Solid Tire APA requiring the Debtor to pay the Expense Reimbursement, if and when such obligation arises under the terms and conditions set forth therein, is hereby approved and incorporated herein by reference as if fully set forth herein provided however that notwithstanding anything in the Solid Tire APA to the contrary, the Expense Reimbursement shall not exceed $250,000 of MITL's reasonable and actual out-of-pocket expenses.  MITL's right to the Expense Reimbursement, under the terms and conditions set forth in the Solid Tire APA, is hereby deemed to be allowed administrative expense claim against the Debtor under Section 503(b) of the Bankruptcy Code.  The Debtor is authorized and directed to pay the Expense Reimbursement in the time and manner set forth in the Solid Tire APA, if and when the Debtor's obligation arises thereunder, without any other or further order of this Court.  Notwithstanding anything in the Solid Tire APA to the contrary, no Fee shall be payable to MITL.*

    (b)    Paragraph 3(o) of the Bidding Procedures Order would be replaced in its entirety with the following:

> *At the auction, the Debtor will take the Expense Reimbursement into account when considering the Solid Tire Overbid, but thereafter no credit shall be given to MITL for the Expense Reimbursement when considering which offer constitutes the highest and best offer, and with respect to the minimum incremental overbid requirement established pursuant to clause (k) above, with respect to the Solid Tire Assets or, if applicable, the Combined Assets.*

WHEREFORE the Committee respectfully requests that the Court enter an order (a) amending the Bidding Procedures Order to address the Committee's concerns raised above; and (b) granting such other relief as is just and proper.

Dated: Boston, Massachusetts
      November 16, 2009

Respectfully submitted,

OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF GPX INTERNATIONAL TIRE CORPORATION

By their proposed counsel,

*/s/ Charles A. Dale III*
Charles A. Dale III (BBO No. 558839)
Mackenzie L. Shea (BBO No. 666241)
K&L Gates LLP
State Street Financial Center
One Lincoln Street
Boston, Massachusetts 02111
Tel: (617) 261-3100
Fax: (617) 261-3175

E-mail:
    chad.dale@klgates.com
    mackenzie.shea@klgates.com