UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(Eastern Division)

|  |  |
|---|---|
| In re:<br><br>GPX INTERNATIONAL TIRE<br>CORPORATION<br><br>Debtor | Chapter 11<br><br>Case No. 09-20170 (JNF) |

## ORDER FURTHER MODIFYING ORDER ESTABLISHING BID PROCEDURES FOR THE SALES OF THE DEBTOR'S ASSETS

GPX International Tire Corporation (the "Debtor"), the debtor and debtor-in-possession in the above captioned action, having filed the *Motion by Debtor to (A) Amend Bid Procedures Order, (B) Approve Termination Fee in Connection With Private Sale of Solid Tire Assets, (C) Establish Hearing Date And Related Deadlines For Proposed Sale, And (D) Approve Form And Manner of Service* (the "Motion to Amend") [docket no. 203] seeking to amend the *Order Establishing Bid Procedures for the Private and Public Auction Sales of the Debtor's Assets* dated November 2, 2009 [docket no. 133] (the "Bid Procedures Order") and approve a termination fee and the form and manner of service, with respect to the Debtor's proposed sale of certain of the Debtor's assets (the "Solid Tire Assets") to MITL Acquisition Company, LLC ("MITL"); the Court having considered the Motion to Amend and all pleadings associated with the Motion to Amend; the Court having allowed the Motion to Amend without a hearing by order dated November 13, 2009 [docket no. 214] and having entered the *Order Modifying Order Establishing Bid Procedures for the Sales of the Debtor's Assets* ("Modified Bid Order") [docket

Document    Page 2 of 3

no. 215]; the Official Committee of Unsecured Creditors having filed the *Motion of Official Committee of Unsecured Creditors to Amend Order Modifying Order Establishing Bid Procedures for the Sales of the Debtor's Assets* ("Committee Motion") [docket no. 247]; the Court having scheduled a hearing on the Committee Motion for November 18, 2009; and upon the arguments of counsel at the hearing and after due deliberation and sufficient cause therefor,

**NOW THEREFORE, it is HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:**

1. Capitalized terms not otherwise defined in this order shall have the respective meanings attributed to such terms in the Motion to Amend or the Modified Bid Order, as the case may be.

2. Paragraph 7 of the Modified Bid Order is modified to provide in its entirety as follows:

> 7. The provisions of the Solid Tire APA requiring the Debtor to pay the Break-Up Fee or the Expense Reimbursement, if and when either such obligation arises under the terms and conditions set forth therein, are hereby approved and incorporated herein by reference as if fully set forth herein; provided, however, that in all instances, such Expense Reimbursement or Break-Up Fee, as the case may be, shall be limited to the reasonable, out-of-pocket fees, costs and expenses of MITL in an aggregate amount not to exceed $350,000 incurred in connection with the Solid Tire APA, the transactions contemplated by or related to the Solid Tire APA or the Debtor's bankruptcy case, including without limitation, due diligence fees, costs and expenses; attorneys' and accountants' fees and expenses; commitment fees; appraisal fees; environmental site assessments; and any fees, costs and expenses related to any financing sought or obtained by MITL. MITL's right to the Break-Up Fee or the Expense Reimbursement, under the terms and conditions set forth in the Solid Tire APA, as amended by this order, is hereby deemed to be an allowed administrative expense claim against the Debtor under Section 503(b) of the Bankruptcy Code. The Debtor is authorized and directed to pay the Break-Up Fee or the Expense Reimbursement in the time and manner set forth in the Solid Tire APA, as amended by this order, if and when the Debtor's obligation arises thereunder, without any other or further order of this Court, *unless a party in interest objects to the amount of expenses claimed*.

3. Except as specifically provided in this order, the Bid Procedures Order, as amended by the Modified Bid Order and as further amended by this order, shall remain in effect.

4. The Debtor is not required to serve this order or any further notice related hereto.

Dated: Nov. 19, 2009

_____
Hon. Joan N. Feeney
United States Bankruptcy Judge

3