## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF MASSACHUSETTS
### (Eastern Division)

|  |  |  |
|---|---|---|
| In re: | ) | |
| | ) | |
| **GPX INTERNATIONAL TIRE** | ) | **Chapter 11** |
| **CORPORATION,** | ) | |
| | ) | **Case No. 09-20170-JNF** |
| Debtor. | ) | |
| | ) | |

**ORDER (A) AUTHORIZING DEBTOR TO EFFECTUATE PURCHASE AND SALE AGREEMENT WITH MITL ACQUISITION COMPANY, LLC; (B) AUTHORIZING SALE OF SOLID TIRE ASSETS BY PRIVATE SALE FREE AND CLEAR OF LIENS, CLAIMS AND INTERESTS; (C) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS, (D) AUTHORIZING THE REJECTION OF EXECUTORY CONTRACTS, AND (E) FOR RELATED RELIEF**

Upon the motion dated November 12, 2009 (the "Sale Motion") of GPX International Tire Corporation (the "Debtor" or "Seller"), the debtor and debtor-in-possession, pursuant to Sections 105 and 363 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), Rules 2002, 6004, 9008 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 2002-1, 2002-2, 2002-4, 2002-5, 6004-1 and 9013-3 of the Local Bankruptcy Rules of the United States Bankruptcy Court of the District of Massachusetts (the "Local Rules") seeking, *inter alia*, entry of an order authorizing, but not directing, the Debtor to effectuate a purchase and sale agreement (the "APA")[1] dated as of November 12, 2009, between the Seller and MITL Acquisition Company, LLC (together with any designee under the APA, the "Buyer"), that contemplates the sale of certain of the Debtor's assets related to its solid and semi-solid off-the-road tire products, including, among other things,

---

[1] Unless otherwise defined, each capitalized term used herein shall have the meaning assigned such term in the APA.

its Gorham, Maine, Red Lion, Pennsylvania and Hebei, China manufacturing facilities and all

other items defined as "Purchased Assets" or "Purchased Contracts" under the APA (collectively

the "Solid Tire Assets"), by private sale free and clear of all liens, claims and interests, in each

case of any kind or nature whatsoever whether arising before or after the Petition Date, whether

at law or in equity, including all claims or rights based on any successor or transferee liability,

other than those expressly agreed to be assumed by the Buyer, and (B) approving, authorizing

and ratifying the Debtor's execution, delivery and performance of the APA (such sale of the

shares of stock in certain subsidiaries to the Buyer, transfer of the Solid Tire Assets to the Buyer,

the assumption and assignment of certain executory contracts to the Buyer, and the other

transactions contemplated by the APA, the "Sale") and (C) granting such other relief as may be

appropriate; and

the Debtor having given notice by mail of the proposed relief set forth in the Sale Motion,

as demonstrated by the certificates of service filed with the Court in connection with the Sale

Motion and the Declaration of Christian J. Urbano Respecting Notice and Service of Sale

Motions, Bid Procedures, Sale Notices and Cure Procedure Notices [docket no. 365]; and

this Court having entered orders dated November 2, 2009 [docket no. 133], November

13, 2009 [docket no. 215], and November 19, 2009 [docket no. 267] (collectively the "Bidding

Procedures Orders"): (i) approving bid procedures for the sale of the Solid Tire Assets (the "Bid

Procedures"), (ii) approving the break-up fee and expense reimbursement provisions set forth in

Section 6.2 of the APA, (iii) scheduling bidding and objection deadlines and a date for an auction

and a hearing to consider approval of the proposed Sale (the "Sale Hearing") and (iv) approving

the form and manner of notice thereof; and

the Debtor: (i) having given notice by mail of the Sale and the Bid Procedures and the date and the time of the Sale Hearing, and (ii) having published notice of the Sale, the Sale Motion, the Bid Procedures and the Sale Hearing in the national edition of the Wall Street Journal, in each case as demonstrated by the affidavits of service filed with the Court before the Sale Hearing; and

the Sale Hearing having been held before this Court on December 7, 2009, at which time all parties in interest were afforded an opportunity to be heard with respect to the Sale Motion; and the Court having reviewed and considered the Sale Motion and the *Limited Objection of Official Committee of Unsecured Creditors to Debtor's Sale Motions to Sell Alliance, Dynamic and Solid Tire Assets* [docket no. 345] (the "Committee Objection") and the *United States' Objection on Behalf of U.S. Environmental Protection Agency to Debtor's Sale Motions* [docket no. 374] (the "EPA Objection"), and related pleadings, including the *Affidavit of Craig Steinke in Support of the Debtor's Sale Motions* [docket no. 364] and the *Affidavit of Michael S. Goldman in Support of the Debtor's Sale Motions* [docket no. 363], and having heard testimony and arguments of counsel and received evidence with respect to the proposed Sale; and the Committee Objection and the EPA Objection having been resolved as included in this Order;

**NOW, THEREFORE,** based upon all of the evidence, including affidavits, proffered or adduced at the Sale Hearing, memoranda, objections and arguments of counsel in connection with the Sale Hearing, and upon the entire record of the Sale Hearing and this Bankruptcy Case; and after due deliberation thereon; and good cause appearing therefor;

3

**THE COURT HEREBY FINDS AND DETERMINES THAT:[2]**

A.    This Court has jurisdiction to hear and determine the Sale Motion pursuant to 28

U.S.C. §§ 157 and 1334(a), and this matter is a core proceeding pursuant to 28 U.S.C.

§ 157(b)(2)(A), (N) and (O).  Venue of this Bankruptcy Case and the Sale Motion in this

District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

B.    The statutory predicates for the relief requested herein include Sections 105(a)

and 363(b), (f) and (m) of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, 9008 and 9014,

and Local Rules 2002-1, 2002-2, 2002-4, 2002-5, 6004-1 and 9013-3.

### Notice of Sale, Orders, and Procedures

C.    As evidenced by the affidavits of service and publication previously filed with

this Court, proper, timely, adequate and sufficient notice of the APA, the Sale, the Sale Motion,

the Bidding Procedures Orders, the Bid Procedures and the Sale Hearing has been provided by

the Debtor in accordance with Sections 102(1) and 363 of the Bankruptcy Code and Bankruptcy

Rules 2002, 6004, 9014 and 9019, Local Rules 2002-1, 2002-2, 2002-4, 2002-5, 6004-1 and

9013-3, and as required by the Bidding Procedures Orders, and no other or further notice of the

Bidding Procedures Orders, the Sale, the Sale Motion or the Sale Hearing is or shall be required.

D.    A reasonable opportunity to object or be heard regarding the Sale Motion and the

relief requested in the Sale Motion has been afforded to all interested Persons, including (a) all

creditors, present employees, and equity security holders of the Debtor, (b) all Persons, if any,

known to have asserted a property interest or security interest in or lien upon any Solid Tire

---

[2] The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. All findings of fact and conclusions of law announced by the Court at the Sale Hearing in relation to the Sale Motion are hereby incorporated herein to the extent not inconsistent herewith.  To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

Assets, (c) all Persons who have filed notices of appearance in this Bankruptcy Case or are listed

on the creditor matrix filed with the Court, (e) the United States Trustee for the District of

Massachusetts, (f) counsel for the committee of unsecured creditors, (g) all federal, state and

local taxing, environmental and other governmental authorities that have a reasonably known

interest in the relief requested by the Sale Motion, (h) the Internal Revenue Service, (i) the

United States Attorney's Office, (j) the attorneys general of each State in which the Debtor

conducts business; (k) the Securities and Exchange Commission, and (l) all other Persons

identified by the Debtor or its advisors as potential bidders for the Solid Tire Assets.

      E.      The Debtor published notice of the Sale, the Sale Motion, the Bid Procedures, and

the Sale Hearing in the national edition of the Wall Street Journal. With regard to parties that

have Liens, Claims or other interests on, against or in the Debtor and/or the Solid Tire Assets,

but whose identities are not known by the Debtor, the Court finds that such Publication Notice is

sufficient and reasonably calculated under the circumstances to reach such parties.

      F.      The disclosures made by the Debtor concerning the APA, the Sale, the Sale

Motion, the Bidding Procedures Orders, the Bid Procedures and the Sale Hearing were complete

and adequate.

## Highest and Best Offer

      G.      The Bid Procedures afforded a full, fair and reasonable opportunity for any

Person to make a higher or better offer to purchase the Solid Tire Assets, and no offer that is

higher or better than the Sale to the Buyer pursuant to the APA has been made. The Debtor

conducted the sale process, including the solicitation of alternative offers, the evaluation of

competing bids and the conduct of the auction, in all respects in compliance with and in

accordance with the Bidding Procedures Orders. The auction process was duly noticed and

conducted in a non-collusive, fair and good manner. The Buyer participated in the auction process and complied with the Bidding Procedures Orders.

H.    As demonstrated by the testimony and other evidence proffered or adduced at the Sale Hearing, (i) the Debtor has diligently and in good faith marketed the Solid Tire Assets, (ii) the purchase price contained in the APA constitutes the highest and best offer obtainable for the Solid Tire Assets and provides fair and reasonable consideration for such Solid Tire Assets, (iii) the Sale will provide a greater recovery for the Debtor's creditors than would be provided by any other practical available alternative, (iv) no other party has offered to purchase the Solid Tire Assets on better terms for the Debtor and (v) the purchase price constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code and under the laws of the United States, all states, territories and possessions thereof and the District of Columbia.

### Best Interests of Debtor, Its Estate and Its Creditors

I.    The Debtor has demonstrated and proven to the satisfaction of this Court that approval of the APA and consummation of the Sale at this time are in the best interests of the Debtor, its creditors, the estate and all other parties in interest in this Bankruptcy Case, and that the Sale represents a prudent and good faith exercise of the Debtor's business judgment. The Debtor has articulated good, sufficient and sound business justification and compelling circumstances for a sale of the Solid Tire Assets pursuant to Section 363(b) of the Bankruptcy Code prior to, and outside of, a plan of reorganization in that, among other things:

> (1)    The Sale will generate proceeds that, together with the other terms and conditions for the Sale as set forth in the APA, constitute the highest and best offer that the Debtor has received to date for the Solid Tire Assets, after a diligent and good faith effort to market the Solid Tire Assets and solicit alternative offers in accordance with the Bidding Procedures Orders, and thus maximizes the value realized for the benefit of the Debtor's estate;

(2)    Prompt approval and consummation of the Sale will preserve the viability of the
Solid Tire Assets as a going concern;

(3)    Claims against the Debtor's estate will be minimized as a result of the prompt
consummation of the Sale to the Buyer;

(4)    Employees associated with the Solid Tire Assets will retain their jobs without
dislocation or diminution of value that would be caused if the Sale were delayed
or the Debtor liquidated; and

(5)    The APA provides for termination by the Buyer at any time after January 15,
2010, if the Sale has not been consummated by such date, and there exists no
other viable purchaser with a higher and better offer.

### Section 363(f) Is Satisfied

J.    As a condition to the Sale, the Buyer requires that the Solid Tire Assets must be

sold free and clear of all Liens and Claims[3] and all other interests, and that the Buyer must have

no liability for any liabilities or obligations of the Debtor (or its predecessors).  The Buyer would

not enter into the APA or consummate the Sale, thus adversely affecting the Debtor's estate and

interfering with the Debtor's reorganization efforts, if the Sale of the Solid Tire Assets were not

to be free and clear of all Liens and Claims and other interests.

K.    The Debtor may sell the Solid Tire Assets free and clear of all Liens and Claims

and other interests,  because, in each case, one or more of the requirements set forth in Sections

363(f)(1)-(5) of the Bankruptcy Code has been satisfied.  Those holders of liens and security

interests who either failed to object or who withdrew their objections to the Sale or the Sale

---

[3] For purposes of this Sale Order, "Liens and Claims" (including references to "Liens or Claims", "Liens, Claims"
and "Liens on, Claims against") shall be deemed to refer to, without limitation, any and all claims (as defined in the
Bankruptcy Code), mortgages, attachments, liens, leases, pledges, assessments, security interests or other security
agreements, indentures, loans, credit agreements, other agreements, instruments, contracts, judgments, adverse
claims, levies, charges, options, rights of first refusal, rights of first offer, rescission rights, voting trusts or
agreements, set-off rights, recoupment rights, successor, product, environmental, claims relating to taxes, and other
liabilities, obligations and other encumbrances or rights of any kind; as to each of the foregoing, whether secured or
unsecured, contingent or absolute, liquidated or unliquidated, now existing or hereinafter arising, perfected or
unperfected, choate or inchoate, filed or unfiled, scheduled or unscheduled, noticed or unnoticed, or recorded or
unrecorded.

Motion are deemed to have consented pursuant to Sections 363(f)(2) of the Bankruptcy Code. Those holders of liens and security interests who did object fall within one or more of the other subsections of Sections 363(f) of the Bankruptcy Code and are adequately protected because their liens and security interests, if any, attach to the cash proceeds of the Sale attributable to the Solid Tire Assets against which or in which they claim a lien or security interest.

L.      Were the sale of the Solid Tire Assets not free and clear of all Liens and Claims and other interests or if the Buyer would, or in the future, could potentially be liable for any such Liens, Claims or other interests, the Buyer would not have entered into the APA and would not consummate the transactions contemplated thereby, which would adversely affect the Debtor, its estate and its creditors.

## **Good Faith**

M.      The Buyer is a good faith purchaser under Section 363(m) of the Bankruptcy Code and, as such, is entitled to the protections afforded thereby in that: (i) while the Buyer is an insider, the purchase price being paid by the Buyer is fair and reasonable because, among other things, the Bidding Procedures Orders required the Debtor to, and the Debtor did, actively seek alternative offers and conduct a thorough and complete auction process for the Solid Tire Assets, thereby permitting the Debtor to obtain the highest and best offer for the Solid Tire Assets, and the Buyer did not interfer with any such efforts; (ii) the Buyer, the Debtor and their respective counsel and financial advisors engaged in good faith, arm's length negotiations to determine the terms and conditions of the APA; and (iii) the Debtor and the Buyer have entered into the APA in good faith and without collusion or fraud.

N.      No party has alleged any conduct that would constitute improper agreements or conduct under Section 363(n) of the Bankruptcy Code. No party has engaged in any conduct

that would permit the avoidance of the Sale, the recovery of excess value and other costs, fees or expenses or the imposition of punitive damages pursuant to Section 363(n) of the Bankruptcy Code.

### Validity of The Transfers

O.    Upon the entry of this Sale Order, (a) the Debtor has full corporate power and authority to execute, deliver and perform the APA and all other agreements, instruments and other documents contemplated thereby (the "Transaction Documents") and to consummate the Sale in accordance with the terms and conditions thereof; (b) the execution, delivery and performance by the Debtor of the APA and the other Transaction Documents and the consummation of the Sale have been duly and validly authorized by all necessary corporate action on the part of the Debtor; (c) no consents or approvals, other than those expressly provided for in the APA, are required for the Debtor to consummate the Sale; and (d) any consents and approvals required for assignment of any Solid Tire Assets have been obtained or are not required under Section 363 of the Bankruptcy Code.

P.    Consistent with its fiduciary duties, the Debtor's Board of Directors has adequately informed itself of the terms of the Sale and, based on such due diligence and in the exercise of its sound business judgment, has authorized the Sale.

Q.    The Debtor holds or will hold good title to the Solid Tire Assets as of the Closing and, accordingly, the transfer of the Solid Tire Assets to the Buyer (a) will be legal, valid and effective transfers of property of the Debtor's estate to the Buyer; and (b) will vest the Buyer with all right, title and interest of the Debtor in and to the Solid Tire Assets, free and clear of all Liens and Claims and other interests pursuant to Sections 363(f) and 105 of the Bankruptcy Code.

R.     The Debtor exercised its reasonable business judgment in seeking the assumption of the Purchased Contracts and their assignment to the Buyer.  The Debtor exercised its reasonable business judgment in seeking to reject the Starbright Production Agreement and the Development Agreement dated as of January 2, 2008 between the Debtor and Hebei Starbright (collectively the "Rejected Contracts") and to obtain a release of the production agreement between Dynamic and Hebei Starbright dated January 1, 2008.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1.     The relief requested in the Sale Motion is hereby granted and approved in its entirety, and the Sale is hereby approved.

2.     All objections to the Sale Motion or the relief requested therein that have not been withdrawn, waived or settled, and all reservations of rights included in or related to such objections (whether written or oral), are hereby denied and overruled on the merits, with prejudice.

**Authorization and Approval of the
Sale and the APA**

3.     The APA and all other Transaction Documents, all transactions contemplated in the foregoing and all of the terms and conditions contained in the foregoing, are hereby approved in all respects, and the Sale pursuant to the APA is hereby authorized under, *inter alia*, Sections 363(b) and (f) of the Bankruptcy Code.  The omission from this Sale Order of specific reference to any provision of the APA or any other Transaction Document shall not impair or diminish the efficacy, propriety or approval of any such provision, it being the intent of this Court that the APA and the other Transaction Documents are hereby authorized and approved in their entireties.

4.      Subject to the occurrence of the Closing, the Debtor is authorized, but not directed, to assume the Purchased Contracts and to assign them to the Buyer.

5.      Subject to the occurrence of the Closing, the Rejected Contracts are hereby rejected effective on the Closing Date.

6.      The Schedules shall be deemed modified by the provisions set forth in Exhibit A to this Order. The APA shall be dated November 12, 2009. The "Petition Date" in the APA shall be corrected to be October 26, 2009. The error message attributed to the definition of "Excluded Business Database Copies" in the APA is corrected to refer to Section 7.5(c).

7.      By the issuance of this Sale Order, the Debtor (including its officers, employees and agents) is hereby authorized, but not directed, to execute and deliver, consummate and implement, and empowered to take any and all actions necessary or appropriate immediately to (i) consummate and implement the Sale in accordance with the terms and conditions of the APA, the other Transaction Documents, and this Sale Order, (ii) fully perform its obligations under and comply with the terms of the APA and the other Transaction Documents, in each case in accordance with the terms and conditions thereof, (iii) take all further actions as may reasonably be requested by the Buyer for the purpose of assigning, transferring, granting, conveying and conferring to the Buyer, or reducing to possession, any or all of the Solid Tire Assets, or as may otherwise be necessary or appropriate for the performance of the Debtor's obligations under the APA and the other Transaction Documents and the consummation of the Sale, in the case of the foregoing clauses (i), (ii) and (iii), without further order of this Court.

### Transfer of the Solid Tire Assets

8.      Pursuant to Sections 105(a) and 363(f) of the Bankruptcy Code, upon satisfaction (or waiver to the extent permitted by the APA) of the conditions to the Closing, the Solid Tire

Assets shall be transferred to the Buyer at the Closing, and such transfer shall constitute a legal, valid, binding and effective transfer of such Solid Tire Assets and shall be free and clear of all Liens and Claims and other interests of any kind or nature whatsoever, with all such Liens and Claims and other interests released, terminated and discharged as to the Buyer and the Solid Tire Assets, and with all such Liens Claims and other interests to attach to the proceeds of the Sale in the order of their priority, with the same validity, force and effect, if any, which they would then have against the Solid Tire Assets, subject to any defenses, counterclaims, rights of avoidance and rights under Sections 506(c) or 552(b)(1) of the Bankruptcy Code that the Debtor may have with respect thereto.

9.      The transfer of the Solid Tire Assets to the Buyer pursuant to the APA shall constitute a legal, valid and effective transfer, assignment and conveyance of the Solid Tire Assets, and shall vest the Buyer with all right, title (which shall be good, clear and marketable) and interest of the Debtor in and to the Solid Tire Assets free and clear of all Liens and Claims and other interests.

10.      All Persons including, but not limited to, all debt security holders, equity security holders, federal, state, or local governmental, tax, environmental and regulatory authorities or agencies, lenders, trade and other creditors, holding any Lien, Claim or interest of any kind or nature whatsoever (including Liens or Claims based on any successor or transferee liability) against or in any Debtor or the Solid Tire Assets (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or non-contingent, now existing or hereafter arising, senior or subordinated, accrued, determined, determinable or otherwise), arising under or out of, in connection with, or in any way relating to, the Debtor, the Solid Tire Assets, the operation of the Debtor's business prior to the Closing, or the transfer of the Solid Tire Assets to

12

the Buyer, are hereby forever barred, estopped and permanently enjoined from asserting,

prosecuting or otherwise pursuing any Lien or Claim or any other interest, in each case of any

kind or nature whatsoever that any such Person had, has or may have against any Debtor (or their

respective predecessors), the Solid Tire Assets, or any other assets or operations of the Debtor or

any of the Debtor's predecessors or affiliates against the Buyer, the Solid Tire Assets, or any

other assets or operations of the Buyer. No such Person shall assert against the Buyer or any of

their successors in interest any Lien or Claim or other interest relating to or arising from the

Solid Tire Assets (including the ownership thereof) or any liabilities calculable by reference to

the Debtor or any of its predecessors or any of their respective assets or operations.

11.     Nothing in this Order or the APA releases, nullifies, or enjoins the

enforcement by a governmental unit of its powers under police and regulatory statutes or

regulations that any entity would be subject to as the owner or operator of property after the date

of entry of this Order (other than pursuant to any theory of successor, transferee, derivative or

vicarious liability, or the *de facto* merger, continuation of enterprise or substantial continuity

doctrines, or any similar theories or doctrines; provided, that nothing in this parenthetical shall

preclude any enforcement with respect to any contamination existing after the Closing with

respect to any property owned or operated by the Buyer after the Closing solely because such

contamination may have originated prior to the Closing). Nothing in this Order or the APA

authorizes the transfer or assignment to Buyer of any license, permit, registration, authorization,

or approval of or with respect to a governmental unit without Buyer's complying with all

applicable legal requirements under non-bankruptcy law governing such transfers or

assignments.

12.     On the terms and subject to the conditions and limitations set forth in the APA, at the Closing, Buyer shall assume, effective as of the Closing, and shall timely perform and discharge in accordance with their respective terms, the following Assumed Liabilities and no others (as set forth in Section 2.3 of the APA):

i)     all Liabilities under the Purchased Contracts that arise on or after the Closing Date or arise prior to the Closing Date to the extent requiring performance after the Closing Date (in each case, other than Liabilities arising out of or relating to any breach and other than any Pre-Closing Environmental Liabilities);

ii)     all Assumed Trade Payables;

iii)     all Liabilities arising from the sale of products of the Solid Tire Business pursuant to product warranties, product returns, customer programs, credits and rebates under Purchased Contracts;

iv)     all Liabilities for Taxes due or payable for any Tax period (or portion thereof) beginning after the Closing Date that arise out of the ownership or operation of the Solid Tire Business or the Purchased Assets following the Closing Date;

v)     all Liabilities of Seller arising under the Consolidated Omnibus Budget Reconciliation Act (COBRA) in respect of New Hires and those Employees of Seller terminated by Seller during the twelve (12) months prior to or within two (2) months following the Closing Date and listed on Schedule 2.3(e) to the APA;

vi)     subject to Section 3.2(b) of the APA, any cure amounts that Buyer is required to pay pursuant to Section 2.5 of the APA; and

vii)     all Liabilities and Encumbrances for Taxes, charges, levies, duties, assessments and other fees of any kind imposed by any Governmental Authority in respect of the purchase, importation, sale, lease or other distribution of the Purchased Assets on or after the Closing Date and all Transfer Taxes arising in connection with the transfer of the Purchased Assets to Buyer or its designee pursuant to the APA.

13.     Other than with respect to liabilities expressly assumed by the Buyer under the APA, the Buyer shall have no successor liability with respect to claims or administrative expenses arising or accruing or attributable to a period prior to or on the date of the Closing (whether or not contingent, unliquidated, known or unknown at the time of the Closing), and shall not be deemed a successor of Seller within the meaning of any revenue, pension, employee

benefit, tax, or labor law, rule or regulation or any products liability law including, without

limitation, the Employment Retirement Income Security Act of 1974, 29 U.S.C. §§ 100 , et seq.,

the Consolidated Omnibus Budget Reconciliation Act of 1985, 29 U.S.C §§ 1161, et seq., and

the Workers Adjustment and Retraining Notification Act, 29 U.S.C. §§ 2101, et seq.

14.     All Persons are prohibited and enjoined from taking any action to adversely affect

or interfere with the ability of the Debtor to transfer the Solid Tire Assets to the Buyer in

accordance with the APA and this Sale Order.  All Persons asserting possessory liens or in

possession of some or all of the Solid Tire Assets are directed to surrender possession of such

Solid Tire Assets to the Buyer at the time of the Closing, and any such liens, to the extent valid,

shall attach to the proceeds of the Sale.

15.     Any amounts payable by the Debtor pursuant to the APA shall constitute an

administrative expense claim pursuant to Sections 503(b) and 507(b) of the Bankruptcy Code.

### Release of Liens and Claims

16.     This Sale Order shall operate to release all Liens on, Claims against and interests

in the Solid Tire Assets upon the occurrence of the Closing.  At or prior to the Closing, and

except as otherwise provided in this Sale Order as to the Debtor, each Person is authorized and

directed to execute such documents and take all other actions as may be necessary or appropriate

to evidence the release of its Liens on, Claims against or interests in the Solid Tire Assets, as

such Liens, Claims or interests may have been recorded or may otherwise exist.  If any Person

that has filed any mortgages, deeds of trust, financing statements or other documents or

agreements evidencing any Liens on, Claims against or interests in any of the Solid Tire Assets

shall not have delivered to the Debtor prior to the Closing, in proper form for filing and executed

by the appropriate parties, termination statements, instruments of satisfaction, releases and/or

other documents required to release all Liens and Claims and other interests that the Person has with respect to any of the Solid Tire Assets, each of the Debtor and the Buyer is hereby authorized, but not directed, to execute and file such statements, instruments, releases and other documents on behalf of the Person with respect to such Solid Tire Assets. Without limiting the effect of the foregoing, the Debtor and the Buyer are hereby authorized, but not directed, to file, register or otherwise record a certified copy of this Sale Order, which, once filed, registered or otherwise recorded, shall constitute conclusive evidence of the release of all Liens on, Claims against and interests in the Solid Tire Assets. The foregoing notwithstanding, the provisions of this Sale Order authorizing the Sale free and clear of Liens and Claims and other interests shall be self-executing, and notwithstanding the failure of the Debtor, the Buyer or any other party to execute, file or obtain termination statements, instruments of satisfaction, releases, assignments, consents or other documents to effectuate, consummate and/or implement the provisions hereof or of the APA with respect to the Sale and the assignment of the Solid Tire Assets, all Liens on, Claims against and interests in the Solid Tire Assets shall be deemed unconditionally released, discharged, terminated, divested, void and unenforceable upon the occurrence of the Closing.

17.    Following the Closing, no holder of any Lien or Claim shall interfere with the Buyer's title to or use and enjoyment of the Solid Tire Assets based on or related to any such Lien or Claim, or based on any actions the Debtor may have taken or may in the future take in its Bankruptcy Case.

## Good Faith Purchaser

18.    The Buyer is a purchaser in good faith of the Solid Tire Assets and is entitled to all of the protections afforded by Section 363(m) of the Bankruptcy Code.

19.    In the absence of a stay pending appeal, the Buyer will be acting in good faith within the meaning of Section 363(m) of the Bankruptcy Code in closing the Sale as contemplated by the APA and the other Transaction Documents, at any time after the entry of this Sale Order and, accordingly, such closing in the face of an appeal will not deprive the Buyer of its status as a good faith purchaser.  If the Debtor and the Buyer consummate the Sale while an appeal of this Sale Order is pending, the Buyer shall be entitled to rely upon the protections of Section 363(m) of the Bankruptcy Code, absent any stay pending appeal granted by a court of competent jurisdiction prior to such consummation.  Pursuant to Section 363(m) of the Bankruptcy Code, the reversal or modification of this Sale Order or any authorization provided herein shall not affect the validity of the Sale to the Buyer (except to the extent such authorization is duly stayed pending such appeal prior to consummation of the Sale), and if any or all of the provisions of this Sale Order are hereafter reversed, modified or vacated by a subsequent order of this Bankruptcy Court or any other court, such reversal, modification or vacatur shall not affect the validity and enforceability of any sale, transfer or assignment under the APA or obligation or right granted pursuant to the terms of this Sale Order (unless stayed pending appeal), and notwithstanding any reversal, modification or vacatur shall be governed in all respects by the original provisions of this Sale Order or the APA, as the case may be

20.    The Debtor and the Buyer have not engaged in any conduct that would cause or permit the Sale to be avoided, any amounts recovered or damages imposed, or costs, fees or expenses to be recovered, under Section 363(n) of the Bankruptcy Code.

## Additional Provisions

21.      From and after entry of this Sale Order, no Person shall take or cause to be taken

any action that would adversely affect or interfere with the transfer of the Solid Tire Assets either

to the Debtor prior to the Closing, for subsequent transfer to the Buyer at the Closing, or to the

Buyer in accordance with the terms and conditions of the APA and this Sale Order.

22.      All Persons who are presently, or at any time hereafter prior to the transfer to the

Buyer, in possession of any Solid Tire Assets are hereby directed to surrender possession of such

Solid Tire Assets either to the Debtor prior to the Closing, for subsequent transfer to the Buyer at

Closing, or to the Buyer at the Closing (except to the extent the APA expressly provides

otherwise).

23.      The terms and conditions of the APA and the other Transaction Documents,

together with the terms and provisions of this Sale Order, shall be binding upon the Debtor, its

affiliates, successors and assigns and their respective affiliates, agents, representatives, counsel

and advisors, any trustee that may be appointed in this Chapter 11 case or in any case under

Chapter 7 of the Bankruptcy Code to which this case may be converted, its estate, its creditors,

the Buyer and any other affected third parties, all Persons asserting any claims against or

interests in the Debtor's estate or any of the Solid Tire Assets and all other Persons, including

without limitation all filing agents, filing officers, title agents, title companies, recorders of

mortgages, recorders of deeds, registrars of deeds, registrars of patents, trademarks, or other

intellectual property, administrative agencies, governmental departments, secretaries of state,

federal, state and local officials, and all other Persons who may be required by operation of law

or by the duties of their office or contract to accept, file, register or otherwise record or release

any documents or instruments, or who may be required to report to or insure title or state of title in or to any of the Solid Tire Assets.

24.     Each and every federal, state and local governmental agency or department is hereby directed to accept any and all instruments and other documents necessary or appropriate to consummate the Sale, including without limitation, all instruments and other documents for recording in any governmental agency or department required to transfer to the Buyer any and all licenses under the Debtor's ownership necessary for the operation of any Solid Tire Assets, and county and state offices wherein termination statements under the Uniform Commercial Code and/or mortgage releases are authorized to be filed.

25.     As of the time of the Closing, all agreements of any kind whatsoever and all orders of this Court entered prior to the date hereof shall be deemed amended or otherwise modified to the extent required to permit the consummation of the Sale.

26.     Any of the terms and conditions of the APA and the other Transaction Documents may be waived, modified, amended or supplemented by the parties thereto in accordance with the terms thereof, without further order of the Court.

27.     Except for rights granted, or obligations, under, claims pursuant to, and actions taken to enforce any terms of, the APA, any other Transaction Document or any other agreement between the Buyer and Seller, or this Sale Order, the Buyer and the Debtor, on its own behalf and on the behalf its estate, and their respective subsidiaries (each, a **"Releasing Party"**), effective as of Closing, hereby release, acquit and forever discharge the other and the other party's respective estates and subsidiaries (each, a **"Released Party"**), from any and all claims, causes of action, demands, costs, debts, damages, obligations and liabilities, whether known or unknown which a Releasing Party has or may come to have against a Released Party, in each

case, solely in connection to the ownership or operation of the Solid Tire Assets prior to the

Closing, whether directly, indirectly or derivatively, including, but not limited to, negligence or

gross negligence (the **"Released Claims"**); provided that the Released Claims shall not include

any claims, causes of action, demands, costs, debts, damages, obligations and liabilities, arising

from any fraud or intentional misrepresentation.  The release of the Released Claims shall be

final upon entry of the Sale Order (and effective upon the Closing) and such release shall forever

release, discharge and expunge such Released Claims.  No order shall be entered in this

Bankruptcy Case (or in any subsequent Chapter 7 case) that in any way waives, limits or

modifies the release of any rights of a Released Party under the release of the APA.  The release

shall survive any dismissal of these Bankruptcy Cases or conversion of this Bankruptcy Case to a

Chapter 7 case.

28.    This Court retains jurisdiction to (i) interpret, enforce and implement the terms

and provisions of the APA and the other Transaction Documents, all amendments thereto and

any waivers and consents thereunder; (ii) compel delivery of the Solid Tire Assets to the Buyer;

(iii) resolve any disputes arising under or related to the APA or any other Transaction

Documents; (iv) interpret, enforce and implement the provisions of this Sale Order; (v) resolve

any disputes relating to the receipt, use, application or retention of the proceeds of the Sale and

any liens or security interests thereon; and (vi) protect the Buyer against all Liens and Claims

and other interests.

29.    Nothing contained in any plan of reorganization or liquidation confirmed in this

Bankruptcy Case or in any order of confirmation confirming any plan of reorganization or

liquidation, nor any order dismissing the case or converting it to a Chapter 7 liquidation or any

further order of this Court shall conflict with or derogate from the provisions of the APA or the terms of this Sale Order.

30.    Any contrary provision of the APA or this Sale Order notwithstanding: (a) no allocation of the Purchase Price for the Solid Tire Assets between the Buyer and the Debtor shall be admissible or binding in any subsequent proceeding with this Court; and (b) the extent to which the Liens asserted by the Debtor's prepetition lenders attach to the proceeds of the Sale of the Solid Tire Assets shall be determined in accordance with the *Final Order (I) Authorizing the Use of Prepetition Lenders' Cash Collateral under 11 U.S.C. § 363 and (II) Granting Adequate Protection under 11 U.S.C. §§ 361, 362 and 363*, entered November 19, 2009 (the "Final Cash Collateral Order"). All proceeds of the Sale of the Solid Tire Assets authorized hereby shall be retained by the Debtor until distributed in accordance with the Final Cash Collateral Order or further order of this Court. Notwithstanding the foregoing, the Debtor and Buyer shall allocate the Purchase Price for the Solid Tire Assets for tax reporting purposes in accordance with the APA, and no agreement regarding allocation of the Purchase Price by or among the Debtor, the Official Committee of Unsecured Creditors and/or the Debtor's prepetition lenders, or as may otherwise be ordered by this Court, shall be binding upon the Buyer.

31.    The stay otherwise imposed by Bankruptcy Rules 6004(h) and 6006(d) is hereby waived and this Sale Order shall be effective and enforceable immediately upon entry. Time is of the essence in closing the Sale, and the Debtor and the Buyer intend to close the Sale as soon as practicable. Therefore, any party objecting to this Sale Order must exercise due diligence in filing an appeal and pursuing a stay, or risk their appeal being foreclosed as moot.

32.    All of the provisions of this Sale Order are nonseverable and mutually dependent.

Dated:   Boston, Massachusetts
_December 15_____, 2009


_Joan N. Feeney_____
Hon. Joan N. Feeney
United States Bankruptcy Judge

::ODMA\PCDOCS\DOCS\548996\1

## EXHIBIT A

1.      The following lease listed on Schedule 2(b)(xi) – Purchased Contracts to the APA

shall be and is hereby removed:

      a.      Motor Vehicle Lease Agreement by and between GPX Industrial Tires,
Inc. and Tombell Ford dated May 5, 2008 for 2008 Ford F250 Super Duty,
Vehicle Identification No. 1FTSF20R78EB17770.

2.      The following vehicle listed in Schedule 2.1(b)(iii) – Equipment to the APA shall

be and is hereby removed:

      a.      2008 Ford F250 (subject to the lease listed in Paragraph 1 above), located
at the W. Wingfoot, Houston, Texas facility.